# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORIS CAMPBELL; TIMOTHY CAMPBELL; DARRELL CHILDRESS; DENNIE COOKE; JOE HIGHFIELD; RUSSELL LEE; WAYNE MOORE; BRAD DAVIS; AL HERNANDEZ; PAT NUGENT; AND RANDY SPILLMAN,<br>  Plaintiffs,<br><br>  v.<br><br>CHARLES A. WHOBREY; GEORGE J. WESTLEY; MARVIN KROPP; ARTHUR H. BUNTE, JR.; GARY F. CALDWELL; RONALD DESTEFANO; GREG R. MAY; THOMAS NYHAN; and CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,<br><br>  Defendants. | No.1:16-cv-04631<br><br>The Honorable James B. Zagel |

**PLAINTIFFS' REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Doris Campbell, Timothy Campbell, Darrell Childress, Dennie Cooke, Joe Highfield, Russell Lee, Wayne Moore, Brad Davis, Al Hernandez, Pat Nugent and Randy Spillman ("Plaintiffs"), through their counsel of record, hereby propound the following document requests on Defendants Charles A. Whobrey, George J. Westley, Marvin Kropp, Arthur H. Bunte, Jr., Gary F. Caldwell, Ronald Destefano, Greg R. May, Thomas Nyhan, and Central States, Southeast and Southwest Areas Pension Fund ("Defendants") and demand that Defendants produce all responsive documents within 15 calendar days from the date of service of these requests, at the offices of Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654.

**DEFINITIONS AND INSTRUCTIONS**

1. "Defendants" and "Defendant" shall mean, collectively and individually, Charles A. Whobrey, George J. Westley, Marvin Kropp, Arthur H. Bunte, Jr., Gary F. Caldwell, Ronald Destefano, Greg R. May, Thomas Nyhan, and Central States, Southeast and Southwest Areas Pension Fund, and any agent, employee, officer, director, or any other person purporting to act on any Defendants' behalf or benefit, at present or in the past.

2. "Kroger" shall mean The Kroger Co.

3. "IBT" shall mean the International Brotherhood of Teamsters.

4. "Document(s)" is used herein in its broadest sense to encompass the full breadth of meaning permitted by the Federal Rules of Civil Procedure. As used herein, it shall include all materials and tangible objects conveying or carrying spoken, visual, or literal substance, whether written, printed, typed, recorded, filmed, punched, transcribed, taped, produced, or reproduced by any means. The term "document" means and includes without limitation all Communications as defined herein, correspondence, telephone conversations or meetings, bulletins, notes, statistics, records, reports, memoranda, journals, logs, diaries, appointment books, facsimiles, messages, videotapes, photographs, voice recordings, invoices, checks, bills, billing records, financial statements, balance sheets, ledgers, accounting entries, files, and any other data compilations from which information can be obtained, including materials used in trial preparations for any proceeding. The term "document" also means and includes all electronic documents and data, including without limitation, all e-mails (including the files attached thereto), metadata, electronic calendars, word processing documents, spreadsheets, presentation documents, archives, back-up tapes, discs or diskettes, CD-ROMs, DVDs, hard drives, laptops,

personal computers, mobile devices, memory sticks, USB drives, zip drives, and voicemails. A draft or non-identical copy (including a copy with handwritten notations) is a separate document.

5. "Person" shall mean an individual, firm, partnership, company, corporation, proprietorship, association, profit sharing plan, union, federation, domestic or foreign government body, or any other organization or entity, including, but not limited to, groups of natural persons acting in an organizational capacity, such as a board of directors or committee of such board, or government entity.

6. "Proposal" shall mean the proposal negotiated on behalf of its Kroger Participants described in the Memorandum of Understanding between Kroger and the IBT dated March 20, 2015.

7. "Relating to," "reflecting," or "regarding" shall mean constituting, mentioning, referring to, alluding to, responding to, concerning, commenting on, evidencing, regarding, discussing, describing, reflecting, listing, analyzing, or supporting.

8. "Reports" or "Studies" shall mean any actual or potential analysis, summary, statement, correspondence or memorandum of investigative study or evaluation that Defendants have conducted or caused to be conducted by any third party to consider the actual or potential assumptions, projections, benefits, terms, structures, operation, performance, impact or liabilities associated with the Proposal.

9. Whenever appropriate in these Requests, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter that might otherwise be construed to be outside their scope.

10. These Requests require you to produce all documents and electronically stored information in your "possession, custody, or control" within the broadest meaning of that phrase

permitted by the Federal Rules of Civil Procedure and the Local Rules, including documents and electronically stored information in the possession, custody, or control of your employees, agents, brokers, representatives, subsidiaries, attorneys, accountants, or any other person acting or purporting to act on your behalf or under your direction or control. If documents and electronically stored information called for in any request cannot be produced in full after exercising due diligence to secure them, you shall so state and specify why the requested documents or information cannot be produced.

11. The documents responsive to these Requests shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the Request to which they are responsive. If a document or other thing is responsive to more than one Request, it shall be labeled to correspond to the Request to which it is first responsive.

12. All requested documents shall be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document. Electronic mail and other data or information stored or maintained electronically should be produced in original native electronic format in an unaltered condition from its original storage media.

13. To the extent responsive documents or data are maintained in an electronic format, including, but not limited to, a disk, tape, or other magnetic or machine-readable format, it shall be produced in the electronic version along with manuals and all other documents sufficient to operate, display, read, and interpret the programs, documents, or data.

14. With respect to any documents withheld from discovery on a claim of privilege or work product protection, provide a privilege log within 30 days, setting forth, with respect to each document withheld: (1) the names of each author; (2) the names of each direct recipient, carbon copy recipient, and blind carbon copy recipient; (3) the names of each person to whom the original or any copy was sent; (4) the employer and job title of each person listed in (1), (2), and (3); (5) the date or dates appearing on each document; (6) the date or dates on which each document was received by each person to whom the original or a copy of same was sent, and each person having custody of the document; (7) a description of the nature and subject matter of the document sufficient for Defendant's counsel to assess the applicability of any privilege; and (8) the type of privilege claimed.

15. These Requests are continuing under Federal Rule of Civil Procedure 26(e). If, after responding, you obtain or become aware of any further documents that are responsive to these Requests, supplementary production is required as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENT REQUESTS**

1. All Documents, Reports and Studies in draft or final form that the Defendants reviewed, considered or discussed in making their decision to reject the Proposal.

2. All Documents, Reports and Studies in draft or final form that analyzed any aspect of the Proposal, even if not reviewed, considered or discussed by the Defendants.

3. All Documents relating to Defendants' consideration of the Proposal. (The Request at this time does not include the underlying information and data that formed the basis for any such Reports or Studies.)

Dated: April _____, 2016

DORIS CAMPBELL; TIMOTHY CAMPBELL; DARRELL CHILDRESS; DENNIE COOKE; JOE HIGHFIELD; RUSSELL LEE; WAYNE MOORE; BRAD DAVIS; AL HERNANDEZ; PAT NUGENT; AND RANDY SPILLMAN

_____
By: One of Their Attorneys

Amanda S. Amert
Shannon M. Callahan
Caroline A. Lindsey
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Facsimile: (312) 527-0484
aamert@jenner.com
scallahan@jenner.com
clindsey@jenner.com
*Attorneys for Plaintiffs*

6